IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


UNIVERSAL INDUSTRIAL
MANAGEMENT GROUP, LLC                                      PLAINTIFF


v.                          Case No. 3:10-cv-269-DPM


MIH STEEL
PRODUCTS, LLC                          DEFENDANT/COUNTER CLAIMANT


v.


UNIVERSAL INDUSTRIAL
MANAGEMENT GROUP, LLC                          COUNTER DEFENDANT


ORDER

Universal Industrial Management Group and MIH Steel Products

entered into an undisputed settlement agreement, *Document No. 14-1*, that was

to be consummated by the end of April.   MIH has not performed.   And

Universal moves to enforce.   MIH says that, as Universal knew, MIH had to

dismantle and sell a barge to get the money to satisfy the settlement

agreement, but "these efforts were thwarted by the recent flooding of the

Mississippi River at Memphis, Tennessee." *Document No. 16, at 3*.   MIH asks

for an evidentiary hearing on whether dismantling the barge was a condition precedent to MIH's performance.

Because the settlement agreement is not ambiguous, the Court declines to hold an evidentiary hearing.  No "substantial factual dispute concerning the existence or terms of the settlement agreement[]" appears of record.  *Gatz v. Southwest Bank of Omaha*, 836 F.2d 1089, 1095 (8th Cir. 1988).  The parties do not dispute the settlement agreement's existence.  Nor do the parties dispute the terms in their written agreement.  MIH, however, seeks to add a term and Universal resists.

The parties' agreement, which MIH drafted, does not contain any terms linking MIH's payment to the dismantling of the barge or otherwise conditioning MIH's payment on that event.  The Court must "construe a contract according to its unambiguous language without enlarging or extending its term." *Christmas v. Raley*, 260 Ark. 150, 153, 539 S.W.2d 405, 407 (1976).  That MIH needed to dismantle and sell the barge to raise the money to pay Universal does not create a condition precedent absent Universal agreeing to link payment and the barge's fate.  "[A] promisor's financial inability to pay does not discharge the contractual duty and is therefore not

a bar to a decree for specific performance." *Christy v. Pilkinton*, 224 Ark. 407,

407 273 S.W.2d 533, 533 (1954).

The Court grants Universal's motion to enforce the parties' settlement,

*Document No. 14*, and awards Universal a $500.00 attorney's fee for having to

seek enforcement. ARK. CODE ANN. § 16-22-308.  Judgment will be entered.

So Ordered.

*WPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

*1 July 2011*